UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 7:10-CR-00011-H-1

| | |
|---|---|
| UNITED STATES OF AMERICA | . |
| | .        DECEMBER 10, 2010 |
| V. | .GREENVILLE, NORTH CAROLINA |
| | . |
| RUSHAUN PARKER, | . |
| | . |
| DEFENDANT | . |

. . . . . . . . . . . . . . . . .

COMPETENCY HEARING AND ARRAIGNMENT
BEFORE THE HONORABLE DAVID W. DANIEL
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:    TIMOTHY M. SEVERO
                       ASSISTANT UNITED STATES ATTORNEY
                       UNITED STATE'S ATTORNEY'S OFFICE
                       310 NEW BERN AVENUE, SUITE 800
                       FEDERAL BUILDING
                       RALEIGH, NORTH CAROLINA 27601


For the Defendant:     JAMES MICHAEL WALEN
                       MCENIRY & WALEN, P.A.
                       P.O. BOX 2125
                       MOREHEAD CITY, NORTH CAROLINA 28557

Court Reporter:        BOBBIE NEWMAN
                       CAROLINA COURT REPORTERS, INC.
                       105 OAKMONT DRIVE, SUITE A
                       GREENVILLE, NORTH CAROLINA 27858

Proceedings recorded by stenomask, transcript produced from dictation.

CAROLINA COURT REPORTERS, INC.
105 Oakmont Professional Plaza
Greenville, North Carolina 27858
TEL: (252) 355-4700   (800) 849-8448
FAX: (252) 355-4707

P R O C E E D I N G S

December 10, 2010

(Time Noted: 11:15 a.m.)

(The courtroom is sealed.)

JUDGE DAVID W. DANIEL: All right. Ms. Lee, if you would call the Parker case for the competency hearing and arraignment.

CLERK LISA LEE: Calling the competency hearing and arraignment. United States of America versus Rushaun Necko Parker, Case 710-CR-1118.

(Whereupon,

**RUSHAUN NECKO PARKER**

was called as a witness by and on behalf of the Government and, after having been first duly sworn, was examined and testified as follows:)

JUDGE DANIEL: All right, Mr. Parker. Please have a seat. Now, as an initial matter, we had a competency evaluation. Mr. Walen, is it -- Mr. Parker, based on that, you're entitled to -- under 18 United States Code Section 4241, you're entitled to a hearing on that report under 18 United States Code Section 4247. If we have that hearing, the courtroom will be sealed. Everyone that is not involved in your case would be removed from the courtroom. At that hearing, you'd have the chance to be represented by an attorney, Mr. Walen, and you'd be given the opportunity to

1  testify yourself, present evidence yourself, subpoena
2  witnesses.  And you'd have the chance to confront any
3  witnesses of the Government to cross-examine those witnesses,
4  if you so desire.  Now, Mr. Parker and Mr. Walen, have you
5  received a copy of the report?
6              MR. JAMES WALEN:  We have, Your Honor.
7              JUDGE DANIEL:  And do you wish to object to the
8  report and have a hearing?
9              MR. WALEN:  No, Your Honor, we stipulate that
10 the report may stand on its own.
11             JUDGE DANIEL:  All right.  Based on that, I'll
12 find by -- find by preponderance of the evidence, Mr. Parker,
13 that you're prepared or able to -- that you're mentally
14 competent to stand trial and proceed forward and that you're
15 using the competent plea to enter pleas in the case.  All
16 right.  Let's see.  All right.  We'll proceed on, based on
17 that, with the arraignment.  All right.
18             If you'd please rise, Mr. Parker.  All right.  I
19 apologize for the delay here.  Let me -- with regard to
20 competency, I just want to clarify that.  Based on your
21 acceptance of the report, again, I'm finding that you do not
22 presently suffer from a mental disease or defect which would
23 render you unable to understand the nature and consequences
24 of the proceeding against you and properly assist you in your
25 defense.  That's my finding based on your failure to object,

1  or your acceptance, rather, of the report.  All right.  Mr.
2  Parker -- do we have a consent form?
3           MR. WALEN:  For the arraignment?
4           JUDGE DANIEL:  Yes.
5           MR. WALEN:  Yes, sir.  I -- it should be up
6  there somewhere.
7           MS. LEE:  It should be up there.  Yeah.
8           JUDGE DANIEL:  It's probably -- here we go.  All
9  right.  Mr. Parker, I have in my hands a document entitled,
10 "Consent to Proceed Before the United States Magistrate
11 Judge."  It appears to be signed by you, as well as Mr.
12 Walen, your attorney.  Is that your knowing and voluntary
13 decision to have me conduct your arraignment and take your
14 pleas today?
15          MR. PARKER:  Take my pleas?
16          JUDGE DANIEL:  You can plead guilty or not
17 guilty.  But I have in my hands a document that says that the
18 arraignment where your plea is taken, whether it's guilty or
19 not guilty, would be in front of me as a Magistrate Judge,
20 rather than Judge Howard, the District Judge.  Is that your
21 knowing and voluntary consent to have me take your plea
22 today?
23          MR. PARKER:  Yes, sir.
24          JUDGE DANIEL:  All right.  What's your full
25 name, Mr. Parker?

1  MR. PARKER: Rushaun Necko Parker.
2  JUDGE DANIEL: And, Mr. Parker, in what town or
3  city did you live?
4  MR. PARKER: Wilmington, North Carolina.
5  JUDGE DANIEL: And how old are you, sir?
6  MR. PARKER: 21.
7  JUDGE DANIEL: And how far did you go in school?
8  MR. PARKER: Tenth grade.
9  JUDGE DANIEL: Have you ever been treated for
10 mental illness or drug addiction?
11 MR. PARKER: No, sir.
12 JUDGE DANIEL: In the past 24 hours, have you
13 had any alcohol, prescription medication, drugs of any kind?
14 MR. PARKER: No, sir.
15 JUDGE DANIEL: Are you dizzy, lightheaded or
16 confused right now?
17 MR. PARKER: No, sir.
18 JUDGE DANIEL: And you understand what's going
19 on around you?
20 MR. PARKER: Yes, sir.
21 JUDGE DANIEL: And you understand that, in a few
22 minutes, I'm going to ask you to enter a plea, or pleas of
23 guilty or not guilty to some serious felony charges? Do you
24 understand that?
25 MR. PARKER: Yes, sir.

1   JUDGE DANIEL: All right. And, Mr. Walen --
2   Walen, have you had any difficulty in communicating with Mr.
3   Parker or any reason to doubt his mental competency?
4   MR. WALEN: No, Your Honor.
5   JUDGE DANIEL: All right. Mr. Severo, does the
6   United States have any reason to doubt Mr. Parker's
7   competency?
8   MR. TIMOTHY SEVERO: We do not, Your Honor.
9   JUDGE DANIEL: Let the record reflect that The
10  Court finds as a fact that the Defendant, Rushaun Necko
11  Parker, is competent to appear, to understand the nature of
12  these proceedings, and to ultimately enter pleas in these
13  matters. And, Mr. Parker, have you had time to, and have you
14  in fact, discussed your case and pleas with Mr. Walen, your
15  attorney?
16  MR. PARKER: Yes, sir.
17  JUDGE DANIEL: Has Mr. Walen answered all of
18  your questions concerning your case and plea?
19  MR. PARKER: Yes, sir.
20  JUDGE DANIEL: Are you satisfied with his
21  representation of you?
22  MR. PARKER: Yes, sir.
23  JUDGE DANIEL: All right. Did you hear and
24  understand my explanation of your rights this morning,
25  including how you might be sentenced by Judge Howard?

     MR. PARKER:  Yes, sir.

     JUDGE DANIEL:  All right.  Now, Mr. Parker, have you received a copy -- you should have received a copy of the seven count bill of indictment returned against you, superseding the indictment returned against you by the Grand Jury on February 24, 2010.  Have you received a copy of that?

     MR. PARKER:  Yes, sir.

     JUDGE DANIEL:  Have you had the chance to read and review that with Mr. Walen?

     MR. PARKER:  No, sir.

     JUDGE DANIEL:  Okay.  Would you like to -- well, I -- I'll read those charges to you, then.

     MR. WALEN:  Your Honor?

     JUDGE DANIEL:  Yes, sir, Mr. Walen.

     MR. WALEN:  I think maybe what he's saying, is he had another attorney before me during that period of time.

     JUDGE DANIEL:  Oh, okay.  Let me ask it and re-phrase that.  Mr. Parker, have you read and reviewed those charges against you in the superseding indictment?

     MR. PARKER:  Yes, sir.

     JUDGE DANIEL:  And do you understand what you've been charged with in all -- all seven of those counts?

     MR. PARKER:  Yes, sir.

     JUDGE DANIEL:  Would you like for me to read that indictment -- superseding indictment out loud, or do you

1  understand the charges?
2          MR. PARKER: I understand.
3          JUDGE DANIEL: And, Mr. Walen, is it your belief
4  that Mr. Parker understands each and every one of those
5  charges?
6          MR. WALEN: It is, Your Honor.
7          JUDGE DANIEL: All right. Mr. Parker, I'm just
8  going to summarize those charges, as well as the maximum
9  statutory punishments you might receive, were you to plead
10 guilty or to be found guilty of those charges. Now, with
11 regard to count one: conspiracy to possess with intent to
12 distribute 50 grams or more of cocaine base crack. And the
13 enhancement -- I'm sorry, Mr. Severo, applies to which of the
14 counts? On all the counts?
15         MR. SEVERO: Your Honor, no. It applies simply
16 to counts one through four, and counts one, two and four will
17 have the same penalties, and count three will have a
18 different penalty.
19         JUDGE DANIEL: And -- and, see -- unfortunately
20 -- oh, okay, you've written those down. I see.
21         MR. SEVERO: I -- I did, Your Honor.
22         JUDGE DANIEL: Okay. Thank you. I didn't see
23 those. All right. Count one, conspiracy to possess with
24 intent to distribute 50 grams or more of cocaine base crack.
25 Alleged violation of 21 United Code, Section 846. The

maximum -- well, count two charges you with distribution of 50 grams or more of cocaine base crack and alleged violation of 21 United States Code Section 841A1. And count four charges you with possession with intent to distribute 50 grams or more of cocaine base crack, alleged violation of 21 United States Code Section 841A1. Now, for counts one, two, and four, the maximum statutory punishment you might receive would be a minimum of 20 years imprisonment, up to a potential maximum of life imprisonment, up to an $8,000,000.00 fine or both such fine and imprisonment, up to 10 years of supervised release following any imprisonment, possibility of up to 5 additional years imprisonment, if your supervised release were to be revoked. The required $100.00 special assessment and restitution, if that's applicable. And that's for each of counts one, two and four. And with regard to count three, distribution of 5 grams of more of cocaine base crack, alleged violation of 21 United States Code Section 841A1, the maximum statutory punishment for count three would be 10 years -- a minimum of 10 years imprisonment up to a potential maximum of life imprisonment, up to a $4,000,000.00 fine in both such fine and imprisonment, at least up to 8 years of supervisory release following any incarceration. The possibility of up to 3 additional years imprisonment if that supervisory release is revoked, the required $100.00 special assessment and

restitution.  So, for counts one, two and four, again we'll summarize, 20 years to life and $8,000,000.00 fine; 10 years supervised release, 5 years additional imprisonment -- up to 5 years additional imprisonment.  If supervised release is revoked, $100.00 special assessment restitution for each of counts one, two, and four.  Count three, 10 years to life imprisonment, up to a $4,000,000.00 fine, up to 8 years of supervised release, up to 3 additional years imprisonment, if your supervised release is revoked.  A $100.00 special assessment and restitution.  Now, with regard to count five, possession of a firearm by a convicted felon, the maximum statutory punishment you might receive would be up to 10 years imprisonment, up to $250,000.00 fine, or both such fine and imprisonment, up to 3 years of supervised release, following incarceration and the possibility of up to 2 additional years incarceration, if your supervised release is revoked, the required $100.00 special assessment and restitution.  However, if you're found to be an arm-free offender, under 18 United States Code Section 924E, that punishment is increased -- maximum possible punishment is increased to a minimum of 15 years imprisonment, up to a potential of life imprisonment.  So, a minimum of 15 years, up to a maximum of life imprisonment, up to a $250,000.00 fine, up to 5 years of supervised release following incarceration.  The possibility of up to 5 additional years

incarceration if your supervised release is revoked.  The required $100.00 special assessment and restitution if applicable.  Now with regard to count six, possession of a firearm during, in relation to a drug trafficking offense, the alleged violation of 18 United States Code Section 924C1, the maximum statutory punishment you might receive would be a minimum of 5 years imprisonment, up to a maximum of life imprisonment, to run consecutive to any other sentence imposed by The Court.  That means, on top of any other sentence imposed by The Court, up to a $250,000.00 fine, up to 5 years of supervised release.  Following incarceration, the possibility of up to 5 additional years imprisonment, if the supervised release is revoked, the required $100.00 special assessment and restitution.  Count seven charges you with money laundering and violation of 18 United States Code Section 1956H.  The maximum statutory punishment for count seven would be up to 20 years imprisonment, up to $500,000.00 fine or twice the amount of the property involved in the money laundering, up to 3 years of super -- not less than 3 years of supervised release, following any incarceration, the possibility of 2 additional years imprisonment, if your supervised release is revoked.  The required $100.00 special assessment and restitution if that's deemed to be applicable.

          Mr. Parker, do you understand the charges against you?  There're seven charges, and those maximum

1  statutory punishments you might receive, which include up to
2  life imprisonment on counts one, two, three, four, five and
3  six?  Do you understand that?
4           MR. PARKER:  Yes, sir.
5           JUDGE DANIEL:  All right.  Mr. Walen, I believe
6  there's not a plea agreement in this case; is that correct?
7           MR. WALEN:  That's correct.
8           JUDGE DANIEL:  All right.  Mr. Parker, has
9  anyone threatened you or tried to force you in any way to get
10 you to plead guilty to those seven charges?
11          MR. PARKER:  No, sir.
12          JUDGE DANIEL:  And, Mr. Parker, you understand
13 that each of those charges against you is a felony, and that
14 if you plead guilty to those charges, or if you're found
15 guilty at trial of those charges, you'll lose your valuable
16 civil rights, including the right to vote?
17          MR. PARKER:  Yes, sir.
18          JUDGE DANIEL:  Do you understand if you were to
19 plead guilty to any of those charges this morning, that you
20 couldn't come back later and ask to plead not guilty and ask
21 for a trial on those charges?  Do you understand that?
22          MR. PARKER:  Yes, sir.
23          JUDGE DANIEL:  Have you answered all my
24 questions truthfully?
25          MR. PARKER:  Yes, sir.

1      JUDGE DANIEL: Mr. Parker, would you like any
2 more time to think about your pleas, or discuss your pleas or
3 your case with Mr. Walen, your attorney?
4      MR. PARKER: No, sir.
5      JUDGE DANIEL: Okay. Are you prepared to enter
6 pleas at this time, Mr. Parker?
7      MR. PARKER: Enter a plea?
8      JUDGE DANIEL: Are you pleading guilty or not
9 guilty? Are you ready to --
10     MR. PARKER: Not guilty.
11     JUDGE DANIEL: -- I'm going to ask you that in a
12 minute. Are you ready to enter those pleas?
13     MR. PARKER: Yes, sir.
14     JUDGE DANIEL: All right. Mr. Rushaun Necko
15 Parker, how do you plead to count one of the bill of
16 indictment against you, conspiracy to possess with intent to
17 distribute 50 grams or more of cocaine base crack? How do
18 you plead to that?
19     MR. PARKER: Not guilty.
20     JUDGE DANIEL: Mr. Parker, how do you plead to
21 count two of the bill of indictment, distribution of 50 grams
22 or more of cocaine base crack?
23     MR. PARKER: Not guilty.
24     JUDGE DANIEL: Mr. Parker, how do you plead to
25 count three of the bill of indictment against you,

distribution of 5 grams or more of cocaine base crack?

MR. PARKER: Not guilty.

JUDGE DANIEL: Mr. Parker, how do you plead to count four of the bill of indictment against you, possession with intent to distribute 50 grams or more of crack cocaine?

MR. PARKER: Not guilty.

JUDGE DANIEL: Mr. Parker, how do you plead to count five, possession of a firearm by a convicted felon?

MR. PARKER: Not guilty.

JUDGE DANIEL: Mr. Parker, how do you plead to count six of the bill of indictment against you, possession of a firearm during and in relation to a drug trafficking offense?

MR. PARKER: Not guilty.

JUDGE DANIEL: Mr. Parker, how do you plead to count seven of the bill of indictment against you, money laundering?

MR. PARKER: Not guilty.

JUDGE DANIEL: All right. Thank you. Please be seated. All right, Mr. Parker, The Court's accepted your not guilty pleas to each of the seven counts against you. And the matter will be set for trial in front of Senior Judge Howard. And, Mr. Walen, if you and Mr. Severo would consult no later than -- yes, sir?

MR. SEVERO: Your Honor, we've already

1  provided --
2           JUDGE DANIEL: Miss Lee with those dates?
3           MR. SEVERO: We have, Your Honor.
4           JUDGE DANIEL: All right. Judge Howard will
5  consider those on Monday, and an order will be issued on
6  Monday, setting a trial date for your trial, Mr. Parker.
7  And, Mr. Walen, is there anything further The Court can do
8  today on behalf of Mr. Parker?
9           MR. WALEN: Nothing.
10          JUDGE DANIEL: All right, Mr. Severo, on behalf
11 of the United States?
12          MR. SEVERO: Nothing for the Government, Your
13 Honor.
14          JUDGE DANIEL: All right, Mr. Parker, The
15 Court's accepted your not guilty pleas. The matter will be
16 set for trial in front Judge Howard. Pending that trial,
17 I'll remand you back into the custody of the Marshal. All
18 right. If there's nothing further, madame court reporter,
19 The Court will stand in recess.
20                              (Off the record at 11:30 a.m.)
21
22
23
24
25

| | |
|---|---|
| STATE OF NORTH CAROLINA | ) |
| | )    C-E-R-T-I-F-I-C-A-T-I-O-N |
| COUNTY OF PITT | ) |

     I, BOBBIE G. NEWMAN, A COURT REPORTER AND NOTARY PUBLIC IN AND FOR THE AFORESAID COUNTY AND STATE, DO HEREBY CERTIFY THAT THE FOREGOING PAGES ARE AN ACCURATE TRANSCRIPT OF THE HEARING AND ARRAIGNMENT OF RUSHAUN NECKO PARKER, WHICH WAS TAKEN BY ME BY STENOMASK, AND TRANSCRIBED UNDER MY DIRECT SUPERVISION.

     I FURTHER CERTIFY THAT I AM NOT FINANCIALLY INTERESTED IN THE OUTCOME OF THIS ACTION, A RELATIVE, EMPLOYEE, ATTORNEY OR COUNSEL OF ANY OF THE PARTIES, NOR A RELATIVE OR EMPLOYEE OF SUCH ATTORNEY OR COUNSEL.

     THIS THE 3RD DAY OF AUGUST, 2011.

     NOTARY PUBLIC NUMBER 200616600172.

*/s/ Bobbie G. Newman*
BOBBIE G. NEWMAN
COURT REPORTER AND NOTARY PUBLIC
CAROLINA COURT REPORTERS, INC.
105 OAKMONT PROFESSIONAL PLAZA
GREENVILLE, NC 27858