IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-11-1H
No. 7:15-CV-133-H

RUSHAUN NECKO PARKER,

    Petitioner,

v.    **ORDER**

UNITED STATES OF AMERICA,

    Respondent.

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion to vacate, [DE #128]. Petitioner's motion to extend time to file a response, [DE #131], is hereby GRANTED, and petitioner's response, [DE #132], is considered timely filed by this court. This matter is ripe for adjudication.

## BACKGROUND

On March 02, 2011, Petitioner was found guilty by a jury of the following seven counts: conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846 and 841(a)(1) (Count One); distribution of fifty (50) grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count Two); distribution of

five (5) grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count Three); possession with intent to distribute fifty (50) grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count Four); possession of firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924 (Count Five); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Six); and conspiracy to commit money laundering to conceal the proceeds of drug trafficking, in violation of 18 U.S.C. § 1956(h) (Count Seven). This court sentenced petitioner to a term of imprisonment of 420 months on June 15, 2011.

Petitioner appealed his 18 U.S.C. § 922(g)(1) conviction, his statutory sentencing enhancements, and his classification as a career offender based upon the Fourth Circuit's ruling in United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011) (en banc). In their unopposed motion to remand, the government conceded that post Simmons, petitioner's conviction for being a felon in possession of a firearm was no longer sustainable, that the statutory sentencing enhancements should no longer apply, and that petitioner should not be classified as a career offender. United States v. Parker, 11-4647 at 3 (4th Cir. 2012). The Court reversed petitioner's § 922(g) conviction; affirmed the remaining convictions; vacated his sentence and remanded. [DE #95 at 5]. Petitioner was resentenced to a term of imprisonment of 384 months

2

on May 8, 2012. Petitioner again appealed, and the Fourth Circuit affirmed the sentence of 384 months, but remanded to the district court for the limited purpose of correcting clerical errors pursuant to Federal Rule of Criminal Procedure 36. This court amended the clerical errors by amended judgment of April 17, 2014, [DE #119]. The Supreme Court denied his petition for writ of certiorari on June 16, 2014.

Petitioner then timely filed the instant motion to vacate on June 12, 2015, alleging counsel was ineffective by (1) failing to advise petitioner of the application of the federal sentencing guidelines and how relevant conduct would be used to calculate his sentence; (2) by failing to clarify to petitioner that he would not receive an acceptance of responsibility sentence reduction after proceeding to trial, although he volunteered information prior to trial; (3) by failing to advise prior to trial that the government had the option of filing a 21 U.S.C. § 851 notice of previous convictions to be relied upon which would increase the minimum term of imprisonment; and (4) by failing to advise that petitioner could plead guilty without a plea agreement and receive a sentence reduction for acceptance of responsibility.

Petitioner alleges that due to ineffective assistance of trial counsel he pled not guilty and proceeded to trial, losing the sentence reduction for acceptance of responsibility that would

have been applied to his sentencing guideline range if he had pled guilty [DE #123-1].

**COURT'S DISCUSSION**

### I. Ineffective Assistance of Counsel ("IAC") Standard

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

A. <u>IAC Regarding Relevant Conduct</u>

Petitioner alleges counsel rendered ineffective assistance by failing to advise petitioner regarding the impact of relevant conduct on the sentencing guidelines calculation. [DE #123-1 at 16]. The impact of relevant conduct on the calculation of his sentencing guidelines would not have changed whether his conviction resulted from a guilty plea or a jury verdict. Therefore, this argument is without merit.

B. <u>IAC Regarding 21 U.S.C. § 851</u>

Petitioner alleges counsel failed to advise petitioner the government could file a notice under 21 U.S.C. § 851 to increase the statutory minimum term of imprisonment. This argument is without merit as, following petitioner's appeal, the statutory enhancements were no longer applicable and were not applied at resentencing. Therefore, petitioner cannot show prejudice. Therefore, this argument is without merit.

C. <u>Evidentiary Hearing Required</u>

Petitioner alleges counsel rendered ineffective assistance by failing to explain to petitioner that he would not receive a three point reduction in his offense level for acceptance of responsibility if he proceeded to trial, although he volunteered information to authorities prior to trial. Petitioner argues that he "was under the mistaken belief that was never corrected, that after trial, he could still receive a sentence reduction [for

5

acceptance of responsibility] based on his confessions during his post arrest statements." [DE #123-1 at 19]. Petitioner contends he would have not proceeded to trial if he knew he would lose the sentence reduction for acceptance of responsibility by going to trial. [DE #123-1 at 20]. Petitioner further alleges counsel's ineffective assistance resulted in his pleading not guilty and proceeding to trial, which he alleges he would never have done if counsel had advised him of his right to enter a plea of guilty without a plea agreement and thus receive a three point reduction for acceptance of responsibility without requiring a waiver of his appellate rights.

The Supreme Court has held Strickland applies to ineffective assistance claims arising out of guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58 (1985). However, in contrast to Hill, the Supreme Court has also applied Strickland to ineffective assistance of counsel claims arising from not guilty pleas. Lafler v. Cooper, 566 U.S. 156, 163-71 (2012). In Lafler the Court found, [t]he specific injury suffered by defendants who decline a plea offer as a result of ineffective assistance of counsel and then receive a greater sentence as a result of trial can come in at least one of two forms." Id. at 170. When the plea offered may have resulted in a lesser sentence, "a court may conduct an evidentiary hearing to determine whether petitioner can show a reasonable probability that but for counsel's ineffective

assistance, he would have accepted the plea." Id. at 170-71. Thus, while the petitioner in Lafler had rejected a plea offer, and petitioner in the instant case argues he was unaware of the option of pleading guilty without a plea agreement, the proper course of inquiry is an evidentiary hearing, as there is evidence the petitioner may have entered a guilty plea if he had known he could enter a plea without a plea agreement and obtain a three point reduction for acceptance of responsibility. See Id. at 166 ("Even if the trial itself is free from constitutional flaw, the defendant who goes to trial instead of taking a more favorable plea may be prejudiced from either a conviction on more serious counts or the imposition of a more severe sentence.")

"An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue." U.S. v. Blondeau, 480 F. App'x 241, *242 (4th Cir. 2012) (unpublished) (citing United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000). Here, issues of fact remain beyond the record as to whether counsel for petitioner failed to consult with petitioner regarding (1) his inability to receive a three point reduction for acceptance of responsibility upon proceeding to trial and (2) his right to enter a guilty plea without a plea agreement. Considering the pro se status of the petitioner and in an abundance of caution, the court

7

"grant[s] a prompt hearing thereon, [to] determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255.

**CONCLUSION**

For the foregoing reasons, the court GRANTS IN PART government's motion to dismiss [DE #128] and hereby DISMISSES petitioner's first and third ineffective assistance of counsel claims contained in his § 2255 motion, [DE #123]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing § 2255 Proceedings, petitioner's second and fourth IAC claims regarding the alleged failure of counsel to (1) advise petitioner he would be unable to receive a three point reduction for acceptance of responsibility if he proceeded to trial and (2) to advise petitioner that he could enter a guilty plea without a plea agreement are referred to United States Magistrate Judge Kimberly A. Swank to conduct an evidentiary hearing and to submit a Memorandum and Recommendation ("M&R") to the undersigned concerning these claims.

The Federal Public Defender is directed to assign counsel to represent petitioner at the hearing. After counsel has been assigned, he or she shall file a notice of appearance. Magistrate Judge Swank shall then schedule and hold an evidentiary hearing, respecting the need of counsel for both parties to have adequate

time for investigation and preparation. The clerk is directed to serve a copy of this order on the Office of the Federal Public Defender.

This 22ⁿᵈ day of January 2018.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35