IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:10-CR-11-1H
NO. 7:15-CV-133-H

RUSHAUN NECKO PARKER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on defendant's motion to vacate [DE #123], which the government moved to dismiss, [DE #128], and defendant replied, [DE #132]. This court granted the government's motion to dismiss regarding two ineffective assistance claims and referred the remaining two ineffective assistance claims to United States Magistrate Judge Kimberly A. Swank for evidentiary hearing. [DE #140]. Following an evidentiary hearing, the magistrate judge entered a memorandum and recommendation (M&R), recommending the granting of the government's motion to dismiss. [DE #150]. The defendant filed objections. [DE #151]. The government has responded in opposition to defendant's objections. [DE #152]. This matter is ripe for adjudication.

## BACKGROUND

Following entry of the M&R, petitioner filed a document entitled Objections making a new allegation that sentencing counsel "was ineffective when he did not obtain and present Mr. Parker's IQ scores and/or school records to the U.S. Probation Office and to the District Court and this lack of information prejudiced the way the case was handled and the outcome of Mr. Parker's case." [DE #151 at 1]. Petitioner further contends his intellectual limitations and challenges prevented him from understanding counsel's "forecast of the outcome of a trial" and petitioner "did not comprehend the information and does not remember it ever being presented to him." [DE #151 at 4]. The document, however, does not attempt to object to the M&R other than to object to the conclusion that the government's motion to dismiss should be granted. The court notes these objections are unrelated to the issues before the magistrate judge at the evidentiary hearing. Therefore, the court construes petitioner's objections, [DE #151], as a supplement to petitioner's motion to vacate under § 2255 and finds the motion to be timely under Fed. R. Civ. P. 15(a).

## COURT'S DISCUSSION

### I. Claims at Evidentiary Hearing

This court, having conducted a de novo review of the M&R and other documents of record, finds the recommendation of the

magistrate judge is in accordance with the law and should be approved.

**II. <u>Supplemental § 2255 Claims</u>**

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. <u>Id.</u> at 687-91. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance." <u>Id.</u> at 689. The <u>Strickland</u> court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." <u>Id.</u> (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

Counsel for petitioner, appointed for the evidentiary hearing, argues counsel who served at both trial and sentencing, rendered ineffective assistance when he proceeded to trial and did

3

not obtain and present Mr. Parker's IQ scores and/or school records to the U.S. Probation Office and to the District Court. Further, counsel for petitioner argues petitioner did not understand trial counsel's "forecast of the outcome of a trial."

First, as stated in the M&R, trial counsel testified at the evidentiary hearing that he met with petitioner a "number of times" after being appointed and had "some extensive talks" with petitioner about his charges. [DE #150 at 4 (citing Hr'g Tr. 77-79)]. Trial counsel testified due to the overwhelming evidence against petitioner, he did not believe it was a case that should go to trial. [Hr'g Tr. 93]. Trial counsel testified "I did everything I could to keep him from going to trial," but that he could not convince petitioner that going to trial was not in his best interest. [Hr'g Tr. 94-95]. Counsel for petitioner has not provided evidence that trial counsel's behavior was below "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Therefore, this argument is without merit.

Second, regarding counsel's failure to obtain IQ scores, the court notes the presentence investigation report ("PSR") was prepared by the U.S. Probation Office and submitted to the District Court for sentencing. [DE #77]. This report included petitioner's diagnosis in elementary school; the fact that he was evaluated and found competent to stand trial; and that he completed ninth grade. [DE #77 at ¶¶ 34 and 36]. Counsel for petitioner has not provided

4

evidence that trial counsel's behavior was below "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Therefore, this argument is without merit.

## CONCLUSION

Therefore, in accordance with the recommendation of the magistrate judge, the government's motion to dismiss, [DE #128] is GRANTED and petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #123], is DENIED. The clerk is directed to close this case and deem all other pending motions moot.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This ___ day of September 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

5